GAUDIN, Judge.
This is an appeal from a permanent injunction issued by the 29th Judicial District Court preventing the Department of Safety and Corrections, Division of State Police “... from arresting any members of the Knights of Columbus, their agents or employees for or prohibiting them from conducting gambling activities at bona fide fairs and festivals for charitable purposes.”
*974 The state police have appealed, contending (1) they are being wrongly enjoined from enforcing Louisiana’s anti-gambling statutes and (2) the Knights of Columbus are not exempt from said laws. Appellant does not now say that any state statute is unconstitutional nor was such argument made in the district court.
The trial judge, however, concluded that the state legislature, in enacting LSA-R.S. 14:90.2(B), meant to protect activities under the Charitable Raffles, Bingo and Keno Licensing Law and fairs and festivals conducted for charitable purposes from anti-gajnbling provisions of the Louisiana Constitution and duly passed legislative statutes. As R.S. 14:90.2(B) is worded, it does appear that the legislature may have meant to give those conducting fairs and festivals for charitable purposes more fund-raising leeway than that authorized by and under the Charitable Raffles, Bingo and Keno Licensing Law.
Nonetheless, if the state police are to be enjoined, the order must be fairly exact. Both anti-gambling statutes and injunctive orders carry criminal and/or contempt of court sanctions. The instant order is too broad and sweeping and should have been confined to the facts, circumstances and implements of this case. The order, as the state police assert, gives appellee a blanket, overall exemption from all of Louisiana’s anti-gambling statutes. For these reasons and others that follow, we remand to the district court for the issuance of a more precise injunctive order.
Article 12, Sec. 6 of the Louisiana Constitution of 1974 reads: “Gambling shall be defined by and suppressed by the legislature.”
The legislature, making gambling a criminal offense, defined it in LSA-R.S. 14:90(A) as follows:
“Gambling is the intentional conducting, or directly assisting in the conducting, as a business, of any game, contest, lottery, or contrivance whereby a person risks the loss of anything of value in order to realize a profit.”
R.S. 14:90.2 states, in pertinent part:
“A. Gambling in public is the aiding or abetting or participation in any game, contest, lottery, or contrivance, in any location or place open to the view of the public or the people at large, such as streets, highways, vacant lots, neutral grounds, alleyway, sidewalk, park, beach, parking lot, or condemned structures whereby a person risks the loss of anything of value in order to realize a profit.
“B. This Section shall not prohibit activities authorized under the Charitable Raffles, Bingo and Keno Licensing Law, nor shall it apply to bona fide fairs and festivals conducted for charitable purposes.”
Among appellant’s arguments before the district judge and now on appeal is that R.S. 14:90.2(B) is inapplicable because most of the Knights of Columbus’ gambling activities were conducted in an enclosed building and not “in public.” The trial judge disregarded this contention.
As part of the Knights of Columbus’ annual three-day Italian Festival to raise money for distribution to charitable causes, the Knights staged a so-called “Las Vegas Night” in the KC building. Inside, there were slot machines, roulette wheels and dice (craps) and blackjack tables. The Knights did not apply for a license under the provisions of the Charitable Raffles, Bingo and Keno Licensing Law, LSA-R.S. 40:1485.1, etc.
The state police entered the building and seized all of the slot machines. While the implements of the other “games” were not confiscated, the police warned that persons continuing to conduct the other unlicensed “games” would be arrested. This lawsuit, seeking injunctive relief, followed.
There have always been constitutional and statutory exceptions to Louisiana’s prohibition against commercialized gambling. Racetrack wagering on horses is an example. The problem with R.S. 14:90.-2(B), from the state police’s viewpoint, is that the section does not precisely say which “activities” are allowed for charitable purposes and which are prohibited. The permanent injunction in question, they *975 argue, appears to remove from law enforcement sanctions any and all forms of gambling, conceivably even the betting on the outcome of bulldogs fighting in pits and the holding of illegal lotteries.
The legislature did not specifically say which gambling activities were covered and protected by R.S. 14:90.2(B). The legislature could have — actually, should have —been more exact in the exemption’s wording. Whether to include or exclude any activity from the anti-gambling laws is certainly a prime legislative function and prerogative.
Of particular concern to the state police, apparently, are the slot machines. While the machines were taken, the police did not seize anything else in the KC building nor did they interfere with a cash raffle and other activities being conducted outside of the building and in full public view.
We note that slot machines are m a special statutory category. They are particularly recognized as a gambling device and are subject to police seizure and destruction except when possessed as collectibles.
The state police contend that if they cannot confiscate slot machines when used in charitable fairs and festivals such as the one put on by the Knights of Columbus, then slot machines will appear statewide under the guise of charity.
Appellees, on the other hand, argue that it was the intent of the legislature to allow certain forms of gambling beyond raffles, bingo and keno. They point out that members of the Knights of Columbus conducting the “Las Vegas Night” were neither paid a salary nor commission and that all proceeds, minus the cost of utilities for the KC building, were distributed to charitable organizations.
In any event, the injunction issued by the 29th Judicial District Court should clearly state which activities are excluded from the anti-gambling statutes by R.S. 14:90.2(B), if in fact this statute’s exemption applies. We remand for that purpose, upon appropriate application to the district court by either party.
REMANDED.